UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT M. TAYLOR,

       Plaintiff,

v.

THOMAS BRINGMAN,

       Defendant.
_____/

Case No. 1:22-cv-519

Hon. Jane M. Beckering

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by plaintiff Robert M. Taylor ("Taylor"). This matter is now before the Court on a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) filed by defendant Thomas Bringman (ECF No. 25).[1]

### I.    Background

Taylor filed a complaint in the United States District Court for the Western District of Missouri. Compl. (ECF Nos. 3 and 3-1). That court transferred the lawsuit to the Western District of Michigan. *See* Order (ECF No. 8). Taylor identified the defendant as Thomas Bringman, the Chief of Police for the City of Three Rivers ("Chief Bringman"). Compl. at PageID.70, 74. The gist of Taylor's lawsuit is that Chief Bringman signed a complaint against Taylor for being "disorderly in public" which resulted in numerous violations of federal law when he was seized, unlawfully arrested, and maliciously prosecuted on the complaint for this misdemeanor. *Id.* at PageID.70.

---

[1] The Court notes that the docket sheet lists three interested parties: Forest River, Inc., Mark Lillywhite, and Lindsay Oswald.

1

In his complaint, Taylor alleged a series of negative interactions with a group referred to as the "Overton gang" from 2017 through 2019. *Id*. at PageID.71, ¶ 6. On December 6, 2018, Chief Bringman signed a misdemeanor complaint as the complaining witness naming Robert Taylor as the defendant on a charge of disorderly person. *Id*. at PageID.80, ¶ 69. Taylor does not allege explicitly when he was arrested other than sometime in December 2018 after Chief Bringman signed "a complaint to arrest plaintiff for events on 10/23/2018." *Id*. at PageID.80-81. The Misdemeanor Complaint states that Taylor violated City of Three Rivers Code Section 4-2.1 (Q), Disorderly Person, on October 23, 2018, by "Engaging in any disturbance, fight, or quarrel in a public place." *See* Misdemeanor Complaint (ECF No. 3-2, PageID.104-105).

Taylor's complaint included allegations related to this incident:

35. On 10/23/2018, the plaintiff is on porch of his residence with service companion when St. Joseph County Sheriff deputy John David Overton threatens the plaintiff, "going to bust a gro-op", in reference to his knowledge of medical marijuana being grown by plaintiff at 708 Tenth St.

36. Plaintiff retrieved a Go-Pro camera from inside residence, and remaining on porch questions St. Joseph County Sherriff Deputy John David Overton, who is on Tenth St., with "when you going to bust that gro-op?".

37. An argument ensues, St. Joseph County Sherriff Deputy John David Overton summons his uncle Don Grady Overton from the residence of Don Grady Overton's mother, 712 Tenth St. onto Tenth St. in front of plaintiffs' residence at 708 Tenth St.

38. The argument escalates as Overton gang approach the plaintiff on his porch with threats of physical harm to plaintiff and service companion. The plaintiff makes no threats.

39. In fear of his safety and that of service companion who howls when threatened by approach of Overton gang, the plaintiff grabs a flag pole from his porch for defense while remaining on his property in company of tethered service companion.
40. The Overton gang retreat but remain in street outside the plaintiff's residence, the plaintiff returns to sitting on porch while Overton gang continues to harass and argue with plaintiff, referencing him as "queer, niggerlover", causing fear in other residents of Tenth St.

41. The Overton gang then call 911 claiming they have been assaulted by plaintiff. Compl. at PageID.77-78.[2] Ultimately, the disorderly conduct charge against Taylor was dismissed without prejudice on November 8, 2019. Compl. at PageID.83, ¶ 104; Order (ECF No. 3-2, PageID.112) ("Motion for nolle prosequi is granted and the case is dismissed without prejudice").

Taylor alleged that Chief Bringman conspired "with St. Joseph County Sheriff Deputy John David Overton to obstruct in various manners the due course of justice in the State of Michigan," and "engaged in, or caused to be done, several acts furthering unlawful arrest of plaintiff in this conspiracy" in violation of 42 U.S.C. § 1985(2) and (3). Compl. at PageID.71-72, ¶ 7. In addition, Taylor alleged that Chief Bringman "did discriminate and/or cause discrimination using knowledge plaintiff suffered mental derangement and lacked comprehension of his rights" and that "[t]he defendant did prevent, obstruct, deny, and hinder attempts by plaintiff, and persons assisting the plaintiff, of access to the Americans with Disability Act (ADA), (42 USC 12131--12134) and it's [sic] implementing regulations." *Id.* at PageID.72; ¶ 8. Finally, Taylor alleged that Chief Bringman "committed acts prohibited by Section 504 of Rehabilitation Act, (29 U.S.C. 794) and it's implementing regulations at 28 CFR 41," and that "defendant, in receipt of federal funds as police chief, utilized criteria and other methods of administration that provided significant assistance and aid to acts of retaliation by the Overton gang while failing to provide services integral to needs of the plaintiff's disability." *Id.* at ¶ 9.

Taylor's complaint alleged 19 counts against Chief Bringman as follows:

Count I:    4th Amendment violation for false arrest (42 U.S.C. § 1985(3))

Count II:   14th Amendment violation (42 U.S.C. § 1985(2))

---

[2] The Court notes that Taylor's pleading exhibits included copies of two "suspect/arrest supplements". The first supplement is directed at Donald Grady Overton which a charge of "disorderly conduct other" and "assault other" for an incident on October 23, 2018. Supplement (ECF No. 3-2, PageID.106). The second supplement is directed at John David Overton for the same offenses on October 23, 2018. *Id*. at PageID.107.

3

Count III:      14th Amendment violation for act of malicious prosecution (42 U.S.C. § 1985(3))

Count IV:       14th Amendment violation for acts of conspiracy to interfere with civil rights (42 U.S.C. § 1985(3))

Count V:        4th Amendment violation for act of battery (42 U.S.C. § 1985(3))

Count VI:       1st Amendment violation for act of retaliation (42 U.S.C. § 1985(3))

Count VII:      5th Amendment violations for act of spoliation (42 U.S.C. § 1985(2))

Count VIII:     1st Amendment violation for act of retaliation (42 U.S.C. § 1985(3))

Count IX:       1st Amendment violation for act of retaliation (42 U.S.C. § 1985(3))

Count X:        1st Amendment violation for act of retaliation (42 U.S.C. § 1985(3))

Count XI:       4th Amendment violation for act of trespass (42 U.S.C. § 1985(3))

Count XII:      14th Amendment violation for discriminatory act (29 U.S.C. § 794)

Count XIII:     14th Amendment violation for discriminatory acts (29 U.S.C. § 794)

Count XIV:      14th Amendment violation for discriminatory acts (29 U.S.C. § 794)

Count XV:       14th Amendment violation for discriminatory acts (29 U.S.C. § 794)

Count XVI:      14th Amendment violation for act of retaliation (42 U.S.C. §§ 12101-12134)

Count XVII:     14th Amendment violation for acts of discrimination (42 U.S.C. §§ 12101-12134)

Count XVIII:    14th Amendment violation for act of discriminatory retaliation (42 U.S.C. §§ 12101-12134)

Count XIX:      14th Amendment violation for acts in a conspiracy to discriminate (42 U.S.C. §§ 12101-12134)

Compl. (ECF No. 3-1, PageID.70-100). Taylor seeks $505,000.00 in damages. Compl. at PageID.69.

## II. Defendant's motion for judgment on the pleadings

### A. Legal standard

Chief Bringman seeks a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the theory that Taylor's 19 claims are barred by the statute of limitations. Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." In considering a motion brought pursuant to Fed. R. Civ. P. 12(c), "the court must accept all the factual allegations of the complaint as true." *Paskvan v. City of Cleveland Civil Service Commission*, 946 F.2d 1233, 1235 (6th Cir. 1991). "The court's inquiry is limited to whether the challenged pleadings set forth sufficient allegations to make out the elements of a right to relief," *Smith v. Michigan*, 256 F. Supp. 2d 704, 705 (E.D. Mich. 2003), and "[t]he motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan*, 946 F.2d at 1235.

### B. Claims brought pursuant to 42 U.S.C. § 1985

#### 1. Taylor did not allege racial or other class-based animus

Taylor has alleged two counts which arise under 42 U.S.C. § 1985(2) (Counts II and VII) and nine counts which arise under § 1985(3) (Counts I, III, IV, V, VI, VIII, IX, X and XI). Section 1985 ("Conspiracy to interfere with civil rights") reads in its entirety as follows:

**(1) Preventing officer from performing duties**

> If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

**(2) Obstructing justice; intimidating party, witness, or juror**

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

**(3) Depriving persons of rights or privileges**

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985.

In *Fox v. Michigan State Police Department*, 173 Fed. Appx. 372 (6th Cir. 2006), the Sixth Circuit summarized claims brought pursuant to §§ 1985(2) and (3):

[T]he first clause of § 1985(2) . . . prohibits conspiracies to influence parties, witness[es], or jurors in federal court proceedings . . . Under both the second clause of § 1985(2), which prohibits conspiracies to interfere with due process in state

courts with the intent to deprive persons of their equal protection rights, and § 1985(3), which prohibits conspiracies to deprive persons of their equal protection rights, a plaintiff must allege that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Kush v. Rutledge*, 460 U.S. 719, 726, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983).

*Fox*, 173 Fed. Appx. at 376.

While Taylor's claims arise under the second clause of § 1985(2) and § 1985(3), he does not allege that there was racial discriminatory animus behind the alleged conspirators' actions. Rather, Taylor bases his claims on his status as a disabled person:

> 18. The plaintiffs handicap causes him to rely on medications and daily physical therapy for mental and physical health while adhering to limits upon the length of time spent standing or sitting. Public transit, walking aids, and bicycle are utilized by the plaintiff for mobility.
>
> 19. The plaintiff receives Social Security Disability Income for mental derangement. The plaintiffs' handicap of Bipolar I causes need for service companion assistance in preventing or detracting from the psychotic episodes that endanger safety of plaintiff, including episodes of fainting and severe depression. The plaintiff's suffering of mental illness is accompanied by physical handicaps of Degenerative Disc Disease and its associated chronic pain.

Compl. at PageID.74, ¶¶ 18-19. Taylor also alleged that Chief Bringman "did discriminate and/or cause discrimination using knowledge plaintiff suffered mental derangement." *Id*. at ¶ 8.

Taylor's § 1985 claims fail because the statute does not cover a plaintiff's claim "based on disability-based discrimination or animus". *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000) (reviewing a claim under § 1985(3)). While Taylor contends that he can bring the 1985 claims because he is a "class of one," Taylor's Response (ECF No. 52, PageID.167), the Sixth Circuit has refused to a permit a plaintiff to bring claims under § 1985 as "class of one". *See Underfer v. University of Toledo*, 36 Fed. Appx. 831, 834 (6th Cir. 2002) (claim brought under § 1985(3)); *Taylor v. Washington*, No. 2:20-cv-174, 2021 WL 959270 at *5 (W.D. Mich. March 15,

2021). Accordingly, Taylor's claims brought pursuant to § 1985 in Counts I, II, III, IV, V, VI, VII, VIII, IX, X, and XI fail as a matter of law.

### 2. Statute of limitations

For the reasons discussed, Taylor has no legal basis to sue defendant Bringman under the § 1985. However, defendant also contends that Taylor's § 1985 claims are barred by the statute of limitations. The parties have briefed the statute of limitations issue extensively. Given this record, the Court will address this alternate basis for dismissal.

"The Sixth Circuit has long held that 'judgment on the pleadings under Fed.R.Civ.P. 12(c) is uniquely suited to disposing of a case in which a statute of limitations provides an effective bar against a plaintiff's claim.' *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (1990))." *Filer v. Polston*, 886 F. Supp. 2d 790, 794 (S.D. Ohio 2012). "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run." *Campbell v. Grand Trunk Western Railroad Co.*, 238 F.3d 772, 775 (6th Cir. 2001). "If the defendant meets this requirement, then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Id*.

"The statute of limitations for claims under 42 U.S.C. § 1985 asserted in Michigan is three years." *Hood v. United States Postal Service*, No. 1:15-cv-436, 2015 WL 13597853 at *2 (W.D. Mich. May 28, 2015) (citing *Ziegler v. Michigan*, No. 99-2126, 2000 WL 1434496 (6th Cir. Sept. 18, 2000)); *Lewis*, 2006 WL 374256 at *2. A statute of limitations for a claim under 42 U.S.C. § 1983 begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). This same standard applies to claims brought pursuant to 42 U.S.C. § 1985:

> Although state law controls which limitations period applies, federal law determines when a cause of action accrues. Under federal law, a cause of action accrues the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint. Thus, the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.

*Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987) (addressing claims under 42 U.S.C. §§ 1981, 1983, 1985 and 1988) (footnotes omitted). *See also*, *Davis v. Cox*, No. 2:18-cv-11255, 2019 WL 1783066 at *4 (March 29, 2019), *R&R adopted*, 2019 WL 1778840 (E.D. Mich. April 23, 2019), *affirmed*, No. 19-1508, 2020 WL 2192551 (6th Cir. Feb. 20, 2020).

Here, plaintiff's complaint refers to incidents which occurred from "October 2017 to October 2018: prior to unlawful arrest," from "October 2018 to December 2018: process of arrest," and from "December 2018 to November 2019." *See* Compl. at PageID.75-83. The allegations point to one pivotal action performed by Chief Bringman, *i.e.*, signing the misdemeanor complaint:

> 69. On 12/06/2018, the defendant, Thomas Bringman did then sign a complaint to arrest plaintiff for events on 10/23/2018, referencing statements given by St. Joseph County Sherriff Deputy John David Overton as cause and placing himself in the role of "society".

Compl. (ECF No. 3-1, PageID.80). This is the action upon which all of Taylor's claims against Chief Bringman are based. Taylor was prosecuted on the misdemeanor complaint until the court dismissed it without prejudice on November 8, 2019.[3]

---

[3] Taylor references this dismissal in a confusing allegation:

"The defendant Thomas Bringman provides LEO Kilbourne to 3-8 District Court as a prosecution witness in collusion with the ever-present Overton gang in September 2019. The defendant refuses access to plaintiff of evidence causing a dismissal of the "Disorderly" in November 2019."

*Id*. at ¶ 104, PageID.83. While ¶ 104 mentions Chief Bringman, it does not set out a coherent allegation of any wrongful act by him.

9

As discussed, Taylor's complaint sets out facts which demonstrate that he knew of the alleged conspiracy as early as 2017. Taylor's claim against Chief Bringman arose on December 6, 2018, when Bringman signed a criminal complaint against Taylor. While Taylor refers to his arrest, he does not give a precise date when this occurred, referring to December 2018. Based on the pleadings, the three-years statute of limitations for the § 1985 claims alleged in Counts I through XI expired no later than either December 6, 2018 (when Chief Bringman signed the complaint) or December 31, 2018 (assuming that Taylor became aware of defendant's action when he was arrested). Based on these dates, when Taylor filed his complaint on April 7, 2022, his § 1985 claims were more than three years old and barred by the statute of limitations.

Plaintiff contends that the statute of limitations is tolled by M.C.L. 600.5851(1) due to his "mental derangement." *See* Taylor's Response at PageID.166; M.C.L. § 600.5851(1) (stating in pertinent part, "if the person first entitled to make an entry or bring an action under this act is . . . insane at the time the claim accrues, the person . . . shall have 1 year after the disability is removed . . . to make the entry or bring the action although the period of limitations has run"). The federal court refers to state tolling rules. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 394 (2007) (in § 1983 cases, "[w]e have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations").

Both this Court and the Sixth Circuit have addressed tolling due to "mental derangement" in Michigan:

> Under Michigan law, insanity in this context is defined as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane." MICH. COMP. LAWS § 600.5851(2). The Michigan courts have found mental derangement to be present when a plaintiff
>
>> 1) was "unable to work with his retained attorneys[;]" *Makarow v. Volkswagen*, 157 Mich. App. 401, 405, 403 N.W.2d 563 (1987); 2)

> "was unable to comprehend or assist his attorney in asserting the cause against the defendant [;]" *Hill v. Clark Equipment Co.*, 42 Mich. App. 405, 407, 202 N.W.2d 530 (1972); and 3) was "unable to attend to personal and business affairs," "that it was necessary to explain to [plaintiff] matters the ordinary person would understand." and that "he was unable to comprehend simple legal procedures." *Davidson v. Baker-Vander Veen Construction Co.*, 35 Mich.App. 293, 298, 192 N.W.2d 312 (1971).

*English v. Bousamra*, 9 F.Supp.2d 803, 809 (W.D.Mich.1998).

*Britt v. Smith*, 9 Fed. Appx. 409, 410-11 (6th Cir. 2001).

Here, Taylor does nothing to demonstrate he was or is "mentally deranged" for purposes of tolling; he simply asserts with no corroborating evidence that he is entitled to have the statute of limitations tolled. Taylor has failed to meet his burden to toll the statute of limitations. Accordingly, Taylor's claims brought against defendant Bringman pursuant to 42 U.S.C. § 1985 are also barred by the statute of limitations.[4]

### B. Claims brought pursuant to 29 U.S.C. § 794

Taylor has alleged four counts which arise under 29 U.S.C. § 794 (commonly referred to as the "Rehabilitation Act") (Counts XII through XV). The Rehabilitation Act provides that a qualified individual with a disability shall not, "solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). A prima facie case consists of factual allegations demonstrating:

> (1) The plaintiff is a "handicapped person" under the Act; (2) The plaintiff is "otherwise qualified" for participation in the program; (3) The plaintiff is being excluded from participation in, or being denied the benefits of, or being subjected to discrimination under the program solely by reason of his handicap; and (4) The relevant program or activity is receiving Federal financial assistance.

---

[4] Based on these findings which support dismissal of Taylor's complaint, it is unnecessary for the Court to address Chief Bringman's argument that, at a minimum, he is entitled to qualified immunity with respect to the § 1985 conspiracy claims..

11

*G.C. v. Owensboro Public Schools*, 711 F.3d 623, 635 (6th Cir. 2013).

### 1. Taylor's Rehabilitation Act claims fail as a matter of law

"[T]here is no individual liability under Title II of the ADA or the Rehabilitation Act." *Sagan v. Sumner County Board of Education*, 726 F. Supp. 2d 868, 875-76 (M.D. Tenn. 2010). *See Lee v. Michigan Parole Board*, 104 Fed. Appx. 490, 493 (6th Cir. 2004) ("Lee may not maintain an action under the ADA or the RA [Rehabilitation Act] against the individual defendants identified in his complaint because neither the ADA nor the RA impose liability upon individuals. 29 U.S.C. § 794(b)(RA); 42 U.S.C. § 12131(1)(ADA)."). Accordingly, Taylor's claims against Chief Bringman brought pursuant to the Rehabilitation Act alleged in Counts XII, XIII, XIV, and XV should be dismissed.

### 2. Taylor's Rehabilitation Act claims are untimely

The statute of limitations for a Rehabilitation Act claim brought in Michigan is three years. *See Kimpton v. Couchman*, 36 Fed. Appx. 562, 563 (6th Cir. 2002).

> Although the statutes of limitations for both the Rehabilitation Act and § 1983 are borrowed from state law, the actions accrue and the statutory period begins to run according to federal law. The general federal rule is that the statute of limitations begins to run when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury.

*Bishop v. Children's Center for Developmental Enrichment*, 618 F.3d 533, 536-37 (6th Cir. 2010) (internal citations and quotation marks omitted). For the reasons discussed, *supra*, Taylor's claims against Chief Bringman accrued either on December 6, 2018, or December 31, 2018. Based on these dates, when Taylor filed his complaint on April 7, 2022, his Rehabilitation Act claims related to defendant were more than three years old and barred by the statute of limitations.

### C. Claims brought pursuant to the Americans with Disabilities Act (42 U.S.C. §§ 12101-12134)

### 1. Taylor's ADA claims fail as a matter of law

Taylor has alleged four counts which arise under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12134 ("ADA") (Counts XVI, XVII, XVIII and XIX). The ADA prohibits discrimination against persons with disabilities.

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. "[T]he phrase 'services, programs, or activities' encompasses virtually everything a public entity does." *Anderson v. City of Blue Ash*, 798 F.3d 338, 356 (6th Cir. 2015) (internal quotation marks omitted). "To establish a prima facie case of intentional discrimination under Title II of the ADA, a plaintiff must show that: (1) she has a disability; (2) she is otherwise qualified; and (3) she was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of her disability." *Id*. at 357 (footnote omitted). In other words, the "[p]laintiff must present evidence that animus against the protected group was a significant factor in the position taken by the municipal decision-makers themselves or by those to whom the decision-makers were knowingly responsive.'" *Id*. (internal quotation marks omitted). As discussed, there is no individual liability under the ADA or the Rehabilitation Act. *See Lee*, 104 Fed. Appx. at 493; *Sagan*, 726 F. Supp. 2d at 875-76. Accordingly, Taylor's ADA claims alleged against Chief Bringman in Counts XVI, XVII, XVIII, and XIX should be dismissed.

### 2. Statute of limitations

"The limitations period for claims under Title II of the ADA is based upon the limitations period for personal injury actions in the forum state. In Michigan, the statute of limitations for personal injury claims is three years. M.C.L.A. § 600.5805(10)." *Arnold v. Family Independence Agency*, No. 2:11-cv-260, 2011 WL 5840908 at *2 (W.D. Mich. Nov. 21, 2011) (internal citations omitted). ADA claims accrue when the plaintiff knows or has reason to know

of the injury which is the basis of his action. *Mote v. City of Chelsea*, 284 F. Supp. 3d 863, 886 (E.D. Mich. 2018). For the reasons discussed, *supra*, Taylor's claims against Chief Bringman accrued either on December 6, 2018, or December 31, 2018. Based on these dates, when Taylor filed his complaint on April 7, 2022, his ADA claims related to defendant were more than three years old and barred by the statute of limitations.

### III. Recommendation

Accordingly, I respectfully recommend that defendant Chief Bringman's motion for judgment on the pleadings (ECF No. 25) be **GRANTED** and that this action be **DISMISSED**.

I further recommend that if the Court does not dismiss this case in its entirety, that the Court enter an amended case management order to extend all pre-trial deadlines and to develop a discovery plan for this litigation.

Dated: February 10, 2023                    /s/ Ray Kent
                                            RAY KENT
                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).